**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Beatriz Hernandez,<br><br>            Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security,<br><br>            Defendant. | No. CV-15-00437-PHX-NVW<br><br>**ORDER** |

Plaintiff Beatriz Hernandez seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied her disability insurance under sections 216(i) and 223(d) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence and is based on legal error, the Commissioner's decision will be vacated and the matter remanded for calculation and award of benefits.

**I.    BACKGROUND**

   **A.    Factual Background**

Plaintiff was born in November 1966 and was 43 years old on the alleged disability onset date. She was trained as a nurse in Mexico and worked as a nurse for a year in Mexico, but she never worked as a nurse in the United States. In the United

States Plaintiff worked in a warehouse assembling and packing orders. On weekends, she cleaned equipment used in the warehouse.

Plaintiff speaks and understands basic English, but she has difficulty reading and writing in English. During the hearing before the administrative law judge, Plaintiff testified through an interpreter. During medical appointments, she relied on Spanish interpreters. She has worked only in primarily Spanish-speaking environments. When Plaintiff filed her claim for disability insurance benefits, the interview was conducted in Spanish.

### B. Procedural History

On April 2, 2012, Plaintiff applied for disability insurance benefits, alleging disability beginning December 4, 2009. On July 29, 2013, she appeared with her attorney and testified through a Spanish interpreter at a hearing before the ALJ. A vocational expert also testified.

On October 21, 2013, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review of the hearing decision, making the ALJ's decision the Commissioner's final decision. On March 11, 2015, Plaintiff sought review by this Court.

## II. STANDARD OF REVIEW

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.*

## III.   FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's residual functional capacity, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2015, and that she has not engaged in substantial gainful activity since December 4, 2009. At step two, the ALJ found that Plaintiff has the following severe impairments: status post right arm surgery in May 2010; mild right carpal tunnel syndrome; and cervical spine degenerative disc disease. At step three, the ALJ determined that Plaintiff does not have an impairment or combination

of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

At step four, the ALJ found that Plaintiff:

has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant retains the capacity to occasionally push or pull with her right upper extremity; is precluded from climbing ladders, ropes or scaffolds; may occasionally reach overhead with her right upper extremity; frequently handle and finger with her right upper extremity; and must avoid concentrated exposure to dangerous machinery with moving mechanical parts and unprotected heights that are high or exposed.

The ALJ further found that Plaintiff is unable to perform any past relevant work. At step five, the ALJ concluded that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

## IV.  ANALYSIS

### A.  The ALJ Erred in Weighing Medical Source Opinion Evidence.

#### 1.  Legal Standard

In weighing medical source opinions in Social Security cases, the Ninth Circuit distinguishes among three types of physicians:  (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  Where a treating physician's opinion is not contradicted by another physician, it may be rejected only for "clear and convincing" reasons, and where it is contradicted, it may not be rejected without "specific and legitimate reasons" supported by substantial evidence in the record. *Id.* at 830; *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).  Further, an examining physician's opinion generally must be given greater weight than that of a non-examining physician. *Lester*, 81 F.3d at 830.  As with a treating physician, there must be clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician, and specific and

legitimate reasons, supported by substantial evidence in the record, for rejecting an examining physician's contradicted opinion. *Id.* at 830-31. "The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

### 2. The ALJ Did Not Provide Clear and Convincing Reasons, Supported by Substantial Evidence in the Record, for Rejecting Uncontradicted Medical Source Opinions Regarding Plaintiff's Handling and Fingering Limitations.

Treating orthopedic surgeon Andrew J. Marcus, D.O., reported that EMG results of Plaintiff's right upper extremity showed mild carpal tunnel syndrome and that Plaintiff had begun experiencing carpal tunnel symptoms after her right shoulder surgery. Subsequently, Dr. Marcus reported some improvement in Plaintiff's right hand numbness, but no improvement in her chronic right shoulder pain.

State agency consultative examiner Angel Gomez, M.D., conducted a physical evaluation of Plaintiff and reported: "The claimant performs consistently. She is limited in both range of motion and strength, both of which worsen with repetitive or persistent use." Dr. Gomez opined that Plaintiff's handling, fingering, and feeling with her right hand are limited to "occasionally," which is defined as "occurring from very little up to one-third of an 8-hour workday (cumulative, not continuous)." He also opined that Plaintiff can do no reaching above the shoulder with the right upper extremity. State agency medical consultants Nadine Keer, D.O., and Mikhail Bargan, M.D., opined that Plaintiff is limited to occasional overhead reaching, handling, and fingering with her right upper extremity due to right upper extremity pain and history of mild carpal tunnel syndrome reported on EMG.

The ALJ rejected the opinions of Drs. Gomez, Keer, and Bargan regarding Plaintiff's handling and fingering limitations without identifying any contradicting medical source opinion. The ALJ concluded Plaintiff retained capacity for frequent

handling and fingering with her right upper extremity because Dr. Gomez's exam showed only minimally reduced grip strength and intact sensation of her right upper extremity and progress notes showed no EMG evidence of radiculopathy and no atrophy of her wrist or hand.  But the ALJ did not explain how grip strength or intact sensation is relevant to the effects of repetitive handling and fingering on someone with carpal tunnel syndrome or why the ALJ was allowed to substitute her opinion for that of Dr. Gomez. The ALJ did not disagree with Plaintiff's carpal tunnel syndrome diagnosis and did not state any reason for rejecting Dr. Gomez's finding that Plaintiff's range of motion and strength worsened with repetitive or persistent use.

Thus, the ALJ failed to provide clear and convincing reasons and to identify substantial evidence in the record supporting her rejection of the opinions of Drs. Gomez, Keer, and Bargan regarding Plaintiff's handling and fingering limitations.

**B.     The ALJ Erred by Failing to Consider Grid Rule 201.17.**

Grid Rule 201.17 directs findings if certain conditions are satisfied, one of which is that the individuals are "illiterate or unable to communicate in English."  20 C.F.R. § 404, Subpart P, Regulation No. 4, Appendix 2, Rule 201.17.  Rule 201.00(h)(1) describes this condition as "unable to communicate in English, or are able to speak and understand English but are unable to read or write in English."  The ALJ did not state whether Grid Rule 201.17 directs a finding for Plaintiff.

The ALJ found that Plaintiff "is able to speak and understand basic English."  The ALJ based this conclusion on Plaintiff's testimony that she understands basic English and on comments included in a psychological evaluation.  Clinical psychologist Patricia Johnson noted that Plaintiff "seemed to understand both verbal and written English without difficulty and was able to communicate with office staff without problems" and she "completed the registration paperwork and requests independently and without difficulty, writing legibly in English."  Dr. Johnson also noted that the interpreter arrived after Plaintiff had completed registration paperwork and "it became obvious that she was

able to communicate more information more effectively and quickly by utilizing the interpreter."

Plaintiff testified that she can write basic information such as her name, address, and telephone number, but she has difficulty reading English and using English grammar. She also testified that she could follow a simple recipe in English, but she had been given instructions in Spanish for work. Many medical records show that Plaintiff was assisted by an interpreter. The transcript for the hearing before the administrative law judge does not indicate that Plaintiff spoke any English during the hearing. The vocational expert said Plaintiff "can speak and understand basic English, read a little English," so "[w]e would have to be looking at unskilled work in an environment where Spanish speaking is common."

Substantial evidence does not support the ALJ's apparent conclusion that Plaintiff is not illiterate in English and therefore Grid Rule 201.17 need not be considered.

**C.  The ALJ Did Not Err in Evaluating Plaintiff's Credibility.**

In evaluating the credibility of a claimant's testimony regarding subjective pain or other symptoms, the ALJ is required to engage in a two-step analysis: (1) determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged; and, if so with no evidence of malingering, (2) reject the claimant's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for the rejection. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "This is not an easy requirement to meet: 'The clear and convincing standard is the most demanding required in Social Security cases.'" *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

To ensure meaningful review, the ALJ must specifically identify the testimony from a claimant the ALJ finds not to be credible and explain what evidence undermines the testimony. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir.

2014).  "General findings are insufficient."  *Id.*   The ALJ must make findings "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002); *accord Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

In making a credibility determination, an ALJ "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the claimant's allegations." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (internal quotation marks and citation omitted).  But "an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors." *Id.*  Further, the claimant is not required to produce objective medical evidence of the symptom or its severity. *Garrison*, 759 F.3d at 1014.

First, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms.  Second, the ALJ found Plaintiff's statements regarding the intensity, persistence, and limiting effects of the symptoms "not entirely credible."  The ALJ did not find that Plaintiff was malingering. The ALJ summarized Plaintiff's allegations as claiming "she is unable to perform or sustain any work activity due to pain in her neck, right arm, wrist and hand and numbness, swelling and decreased strength in her right upper extremity that limit her abilities to sit, stand, walk, lift and carry, perform postural and manipulative movements and other activities."

The ALJ noted that Plaintiff is able to walk, drive, sweep and mop the floor, cook meals, do laundry, shop in stores, and go to church and the library.  Plaintiff testified that she can sit for two and a half hours during church.  The ALJ did not err in finding that Plaintiff's allegations were "not entirely credible" even though her residual functional capacity includes many limitations.

To the extent that the ALJ improperly relied on independent medical evaluator Dr. Theiler's opinion that Plaintiff's subjective complaints outweighed objective findings and Dr. Johnson's suspicions of malingering during psychological testing, any such error was harmless.

### D. Remand

If the ALJ's decision is not supported by substantial evidence or suffers from legal error, the district court has discretion to reverse and remand either for an award of benefits or for further administrative proceedings. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). "Remand for further proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). "Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Id.* (citing *Smolen*, 80 F.3d at 1292). To remand for immediate award of benefits, the Court must find:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

Here, the record is fully developed and further administrative proceedings would serve no useful purpose. Substantial evidence supports the ALJ's residual functional capacity assessment except regarding frequent handling and fingering. The ALJ has failed to provide legally sufficient reasons for rejecting evidence that Plaintiff retains the capacity to perform only occasional handling and fingering. The vocational expert testified that if Plaintiff is limited to occasional handling and fingering there would be no jobs that exist in significant numbers in the national economy that Plaintiff can perform.

Therefore, the ALJ would be required to find Plaintiff disabled on remand regardless of whether Grid Rule 201.17 directs a finding of disability.

IT IS THEREFORE ORDERED that the final decision of the Commissioner of Social Security is vacated and this case is remanded for calculation and award of benefits. The Clerk shall enter judgment accordingly and shall terminate this case.

Dated this 25th day of January, 2016.

Neil V. Wake
United States District Judge